*Sheaf*, for plaintiff,
   *Wm. Mattocks*, for defendant.

---

## Joseph Chase, 2d, *vs.* Curtis Elkins.

That a minor, having purchased his time of his father, is entitled to his own earnings,
as against the creditors of his father.

That a pair of oxen, purchased by such earnings of the son, and lent to the father for
use, are not liable for the debts of the father.

Though such possession of the father might be proper to be left to the jury, with oth-
er evidence, to show the son's title to be fraudulent in fact.

This was an action of *trespass* for taking  and carrying away a
pair of two-year-old steers.   It was commenced  before a justice
of the peace,  and was brought into  the county court by appeal.
Jugdment was there rendered for the plaintiff on a case agreed to
by the parties.   The defendant excepted to the decision, and re-
moved the cause to this Court for a revision of the  judgment.—
The case thus agreed on is as follows :

   " *Samuel Chase*, father to  the plaintiff, in the year 1825, was
bankrupt and poor; and he ever since has been, and now is, a

poor man, and unable to pay his debts. In that year, he sold to his son, the present plaintiff, his time, (he being then a minor) until he should arrive at the age of 21 years, (being about three years) for sixteen dollars a year. After this, the said *Joseph* worked on his own account as a hired man, and received and controuled his own wages; and his father exercised no controul over said *Joseph,* or his property. About one year before said *Joseph* came of age, he paid his father, according to contract, out of the avails of his labour which he earned after he bought his time of his father; after which he laboured for one *Thos. Johnson, Jr.* of *Bath,* in the state of *New-Hampshire,* in the last year of his minority; and out of the avails of that labor said *Joseph* bought the steers in question. Said steers were driven to the town of *Jay,* in *Vermont,* to *Samuel Chase,* father of said *Joseph,* and lent to him; who worked them and kept them until taken away by the defendant. On the 21st day of March, 1828, the defendant, being a legal deputy sheriff, attached said steers on a writ duly issued, and returnable before *Samuel Heath,* justice of the peace, founded on a note, signed by said *Samuel,* and dated the 26th day of September, 1825; which writ was duly returned, judgment rendered thereon, and execution issued in due form of law, levied upon said steers, and they were sold thereon in due form of law. Now it is agreed by the parties, that, if the law arising upon these facts entitles the plaintiff to recover, judgment shall be entered for $14,00 damages, and his costs. If otherwise, then judgment to be entered for the defendant that he recover his costs."

Essex,
July,
1829.

Chase
vs.
Elkins.

*The plaintiff's counsel argued,* That the plaintiff is entitled to judgment upon these facts. The father has a right to sell or give to his minor son his time, or a right to his future earnings. He may think this to be the best for the son, and for the family. He may have no business in which to employ the son to any advantage; and it may be altogether prudent to encourage his son to be faithful and industrious, by giving him his earnings, or a portion of them. If he has not this right, and the creditor can hold this property against the plaintiff, it would virtually render the children bond-slaves to their father's creditors; and entail the poverty of the father upon the children, in all its discouraging and depressing circumstances.

It is even probable, that the sixteen dollars a year, which the son paid to his father for three years, exceeded any thing he could have earned for his father in his appropriate business. And there seems no probability, that, amidst such poverty of the father, any

earnings of the son for the father would ever have accumulated to an amount liable to attachments for the father's debts.

*Argument for the defendant.*—1st. The contract between the father and son, for the son's emancipation, was void. It was not for necessaries. It is against the policy of the law to encourage or confirm such contracts. The law does not emancipate until twenty one years.

2d. It was a fraud upon the creditors of *Samuel Chase ;* for the father is entitled to the earnings of the son while a minor.

3d. The father had possessed himself of the property, and was using and improving it as his own, at the time it was attached, and the legal interest vesting in the said *Samuel,* and in his possession, the attachment will enure to the benefit of the attaching creditor.

4th. The father could not have given the steers to the son to the prejudice of the creditor.

5th. The debt was due at the time of contract for the emancipation of the son.

Hutchinson, J. delivered the opinion of the Court. If the steers in question were the property of *Samuel Chase*, the father, the defendant by his precept and office had a good right to take and sell them : otherwise, not. The case states, that the plaintiff bought them with the money he earned during the last year of his minority, he having first paid his father for the whole sum due him for the son's time ; and that the son lent them to the father, who had them in use when the defendant attached them. And no reason is shown why the cattle do not belong to the plaintiff, provided a poor man, in debt, can sell, or give, his minor son his own earnings; or give him the right to work for his own benefit. There is no pretence of any fraud, unless such a contract between father and son is necessarily fraudulent as against creditors.

Had the defendant contended, that this was a mere contrivance of the father to enjoy the earnings of his son, and keep the same from his creditors, it should have gone to the jury, and the circumstance of the steers' going into the possession of the father might have been urged as a mark of such fraud ; and possibly, that, and other testimony, might have induced a verdict against the title of the present plaintiff. But fraud is not stated in the case ; neither are any facts stated from which fraud might be inferred. It is said the father owed this debt at the time ; but that does not appear : the date of the note upon which the defendant attached, was in September, 1825. The contract, under which the plaintiff claims his own earnings, was made in the same year : but

Essex,
July,
1829.

Chase
vs.
Elkins.

whether before or after the giving of the note, does not appear. The creditor, for whom the defendant acts, must show his note prior to that contract, or he cannot complain of it as a fraud upon him. This he does not show, which leaves fraud in fact out of the question.

With regard to the right of the father to give his son his time before he is twenty-one years of age, or sell it to him, as in the present case, the Court are of opinion, that he has such right. If the father's right to the son's labor can be called property, he has the same right to dispose of it, in good faith, as he has to dispose of other property. He should have this right that he may consult the genius, capacity and inclination of his son, and direct the whole for the best interest of himself and son. If he deems it best for his son to serve as an apprentice to some trade, or enjoy the patronage of some gentleman of the bar, and become a lawyer ; or the patronage of some clergyman, and become a preacher, no creditor has a right to interfere with this, and claim the son to labor, that he may attach his earnings. Nor, if he does labor, have they any right to his earnings, till the same are vested in some attachable property ; which will seldom happen where poverty is as apparent as stated in the present case. We do not recollect to have known a question of this kind before raised in this state. There is a case, in the 12th of *Com. Law Rep.* 272, *Hunter vs. Westbrook,* somewhat in point. There, the plaintiff had given to his son, when sixteen years of age, a watch and some other property. The watch got into the possession of the defendant, who detained it against the son and the father. The plaintiff brought *trover* for the watch. The court decided that he could not maintain the action, because his title and right of possession were divested by a gift to the son.

Possibly, the father might re-assert his right over the son, and control his earnings during his minority. The son may so conduct that it would be his duty so to do. And the cattle being in the possession of the father, and used by him, as stated in this case, might be proper evidence for the jury to weigh, if such a question were urged. But the case puts this at rest ; for it states that the plaintiff bought the steers with his earnings, and lent them to his father.

The judgment of the county court is affirmed.

*Hebard* and *Cushman,* for plaintiffs.

*Fletcher,* for defendant.