## Moses Chase *vs.* Henry Smith.

A written entry in a book, made by a person against his interest at the time, is, after his death, admissible as evidence of the fact between third persons, if he could have been examined to it in his life-time.

At common law, a party to a suit cannot give in evidence his own book, without the evidence of some third person to show that the entries were justly made.

The defendant to an action shall not be permitted to defeat the claim of the plaintiff by crediting such claim to the account of a third person, and giving the same in evidence to the jury, without evidence that the plaintiff consented to such credit.

A party to a suit shall not make evidence for himself.

A father can *verbally* sell, or give his minor son his time, till he is 21 years of age; and after that, the son is entitled to his earnings.

This was an action of *Assumpsit* for work, labor and ser-

ORLEANS,
March,
1833.

Chase
vs.
Smith.

vices, done and performed by the plaintiff, for and at the special instance and request of the defendant, in the year 1826—plaintiff claiming forty dollars.

The defendant plead the General Issue, *non-assumpsit*, and gave notice that when said labor was performed, he was partner with one Walker, in trade; and that the plaintiff was a minor, under twenty-one years of age.    Issue joined to the country.

The plaintiff, to support the issue on his part, gave evidence to the jury tending to prove, that in 1825, he was seventeen or eighteen years of age; and in that year, his father gave or sold the plaintiff his time till he was twenty-one years of age.—That there was no writing witnessing this gift or sale.—That afterwards, in March, 1826, the plaintiff told the defendant, that the plaintiff's time was his own, and let himself to the defendant for $9,50 per month, to work for him six months, if they so long agreed.—Plaintiff to receive his pay in a yoke of steers, and some clothing and money.

The defendant agreed to pay the plaintiff *in persona* for his labor, and not try to turn it on an old debt which the plaintiff's father was owing the defendant and Walker.— Plaintiff went to work for the defendant in said March, and left off in July after, and the defendant had paid the plaintiff nothing for his services.

The defendant gave evidence tending to shew, that it was not a matter of notoriety that the plaintiff's father gave or sold the plaintiff his time in 1825, or at any other time : also gave evidence tending to shew, that the father hired out the plaintiff to labor subsequently to the plaintiff's labor for the defendant, and recovered pay for the same.

The defendant offered in evidence the company ledger, containing the account against said Chase, the elder, which account was previous to the plaintiff's work for the defendant.  And in this account, said Chase, the elder, had credit for the plaintiff's labor.

The plaintiff objected to said book going to the jury as evidence, and the Court excluded the same.    To which the defendant excepts.

The defendant requested the Court to charge the jury

ORLEANS,
March,
1833.

Chase
vs.
Smith.

that the father could not make a verbal or parol contract with is son to emancipate or free him from the legal natural ties to his parent, but the same contract should be in writing. 2d, If a parol or verbal gift or contract could avail, so as to emancipate the son and enable him to make contracts independant of the parent, such gift or contract should be made public before it affects third persons. 3d, If the jury should find the fact, that the father had attempted to appropriate the plaintiff's work and labor to his own use, or to bring it in to file against the defendant, it is not in the power of the defendant to resist the father's claim, unless the defendant is in possession of a writing, or there is a notorious declaration of the father that he had given his son his time.

*Charge.*—There can be no doubt the father can verbally sell or give his minor son his time ; and if this be done, the son is entitled to his subsequent earnings. If, from the evidence, you find that Samuel C. Chase, in 1825, did sell or give his son Moses his time till he was twenty-one years of age, then you will find, that the plaintiff had a right to hire himself to the defendant, and receive his wages : and if you find that the plaintiff, having this right, did hire himself to the defendant, and labor for him nearly three months in the spring and summer of 1826,  you will find for the plaintiff to recover what he merited, and the interest of the money from that time to this. But if the plaintiff's time was not his own, and he had no right to receive his wages, you will find for the defendant his costs.

The jury returned a verdict for the plaintiff his damages and costs. The defendant excepted, because the Court did not charge as requested, and because they charged as above. Exceptions allowed, and the case ordered to the Supreme Court for final decision.

*After argument by counsel,* The opinion of the Court was pronounced by

BAYLIES, J.—The bill of exceptions shows that the dedefendant offered in evidence the company ledger containing the account against said Chase, the elder, which account was previous to the plaintiff's work for the defend-

ORLEANS,
March,
1833.

Chase
vs.
Smith.

ant. And in this account, said Chase, the elder, had cred-it for the plaintiff's work. The plaintiff objected to said book going to the jury as evidence, and the Court exclu-ded the same.

It was decided in the case of *Higham & wife* vs. *Ridg-way*, 10 East. 109, that if a person have peculiar means of knowing a fact, and make a declaration, or written entry of that fact, which is *against his interest* at the time, it is evidence of the fact, as between *third* persons after his death, if he could have been examined to it, in his life time. And therefore an entry made by a man-midwife, in a book, of having delivered a woman of a child on a cer-tain day, referring to his ledger in which he had made a charge for his attendance, which was markéd as *paid*, is evidence upon an issue as to the age of such child at the time of his afterwards suffering a recovery.—(See also 4 T. R. 514-669.—5 T. R. 121.—1 Camp. 367.)

But at common law, a party to a suit cannot give in evi-dence his own book without evidence to support it: This appears in the case of *Price* vs. *Torrington*, Salk. 285—"The plaintiff being a brewer, brought an action against the Earl of Torrington for beer sold and delivered, and the evidence given to charge the defendant was, that the usual way of the plaintiff's dealing was, that the draymen came every night to the clerk of the brew-house, and gave him an account of the beer they had delivered out, which he set down in a book kept for that purpose, to which the dray-men set their hands, and that the drayman was dead, but that this was his hand set to the book; and this was held good evidence of a deliver; otherwise of the shop-book itself singly, without more."—(See also *Pitman* vs. *Mad-dox*, Salk. 690.—Bul. N. P. 282.)

In the case of *Lewis* vs *Norton*, 1 Wash. 76, the Court say, "Ever since the decision of Ld. Torrington's case, the law has been settled, that a book of accounts in the hand-writing of, and kept by, a clerk, who is since dead, is prop-er evidence upon these facts being proved."

But the case at bar, does not come within any common law principle. Here the defendant credited the plaintiff's labor to the old account of the plaintiff's father, without the knowledge or consent of either of them. Unless there

ORLEANS,
*March,*
1833.

Chase
*vs.*
Smith.

was evidence tending to show, that the plaintiff consented that his labor should be credited and applied in payment of his father's *old* debt, it would be extremely wrong to suffer this entry in the ledger to go to the jury as evidence : it would be saying, the defendant had a right to make evidence for himself, and with it defeat his own solemn contract, by turning the plaintiff's labor to pay his father's *old* debt, contrary to what was expressly agreed between the parties.

The County Court, in their charge to the jury, say, "There can be no doubt the farther can *verbally* sell or give his minor son his time ; and if this be done, the son is entitled to his subsequent earnings." This doctrine *seems* to be well established by the decision of this Court, in the case of *Joseph Chase 2d* vs. *Curtis Elkins* ; 2d Vt. Rep. 290. In that case, the Court did not consider that the contract between father and son must be proved by writing.

We find no fault in the proceedings of the Court below in this action ; therefore,

Judgement is affirmed.

*Young & Hill,* for defendant.
*Sumner & Fletcher,* for plaintiff.