Aquilla C. Cast, Plaintiff in Error, *v.* Asa B. Roff, Administrator, etc., of James M. Robinson, deceased, Defendant in Error.

ERROR TO IROQUOIS.

Indebitatus assumpsit will not lie on an executory contract.
The allegations and proofs should agree.

This was an action of assumpsit.

First count. Common count for the price and value of divers· oxen, cattle, goods and chattels, sold and delivered by James M. Robinson to defendant.

Second count. Common count for divers notes, goods and chattels, sold by James M. Robinson, in his lifetime, to defendant, Cast, and at his request.

Third common count. For money had and received by Cast to the use of Robinson, profert of letters of administration, promise to pay, and breach.

First plea. General issue.

Second plea. Payment in full to Robinson in his lifetime; concluding with a verification.

Third plea. Settlement between Robinson in his lifetime and Cast; payment, and receipt executed by Robinson to Cast in full of all demands; concluding with a verification.

Replication to second plea filed. Similiter to first plea.

Cause submitted to a jury. Verdict of jury for plaintiff, $615.

Motion for a new trial overruled. Judgment for plaintiff on verdict.

The court gave this instruction for the defendant:

The making or assignment of a promissory note imports in law a value received for it by the maker or assignor. And if the jury believe that Robinson executed certain promissory notes to Cast, or that he assigned notes made by other parties to Cast, the burden of proof is on the plaintiff to show that Robinson received no value for the making or assignment of said notes. The plaintiff cannot recover in this action the amount of any notes Robinson may have executed to Cast.

And the court, of its own motion, added "which have not been paid." To which the defendant excepted.

The defendant also asked the following instruction:

If the plaintiff claims money or property in the hands of the defendant, belonging to Robinson at the time of his decease, he must first make and prove a demand for the money and property thus in the hands of the defendant, and the plaintiff's remedy in such case, would be in another form of action.

Which the court refused to give.

C. H. Wood, for Plaintiff in Error.

A. B. Roff, for Defendant in Error.

Breese, J. We think the objections taken by the plaintiff in error, to the recovery in this case, are well taken, and must reverse the judgment, according to our conception of the pleadings, and of the matters drawn in controversy by them.

The declaration is for divers notes, goods and chattels, and oxen sold by the plaintiff's intestate, Robinson, to Cast, and for money had and received by Cast to the use of the intestate.

The pleas were, the general issue, and payment to the intestate in his lifetime, and an account stated and settlement between the intestate in his lifetime, and Cast, and payment and receipt in full by the intestate to Cast. Issues were made up on these pleas.

The errors assigned which we think necessary to notice, are, the want of evidence to sustain the verdict, and in modifying defendant's first instruction, and in refusing the last instruction asked.

If we understand the record, the evidence contained in the bill of exceptions, does not support the verdict. The whole case seems to be a contract for the sale and purchase of some land to which Cast's wife was entitled, on a division of her father's estate, and which had been sold to her brother, the intes-

tate. Yokes of oxen and notes were given, it seems, by the intestate, in part payment, and this suit is brought, so far as we can understand it, to recover back the value of this property, a deficiency in the quantity of the land being alleged.

The proof seems to make out such a case. The declaration is on a contract to pay money for certain notes and oxen. The allegations and proof do not agree. The administrator, under this declaration and proof, cannot recover the value of the notes and oxen in this action, under the counts he has framed. From all we can gather, the contract is still executory and an indebitatus assumpsit will not lie in such case.

We are not satisfied that the merits of this case have been thoroughly investigated. It seems to us, the plaintiff should have recovered a much larger verdict, or none at all. As we apprehend the facts, this verdict and judgment ought not to stand. On the facts as we understand them to be proved, the defendant's first instruction should have been given without any modification. By the modification, the jury are, in effect, told that the plaintiff has a right to recover the amount of any notes his intestate may have made to the defendant, which had been paid by the intestate, when, by the previous part of the instruction, they were told he could not do so.

As to the other, and last instruction, which the court refused, it would seem that this case did properly come within section 90 ch. 109, title "Wills," (Scates' Comp. 1197.) The administrator had, doubtless, a right to put his claim on other grounds, and no demand was necessary before bringing suit. This instruction, therefore, was properly refused.

Believing this case has not been fully understood, we are of opinion, it would be better for all parties, that it should go to another jury, or resort had to another forum, in which the matters can be fully investigated, and an end put to the controversy. The judgment is reversed, and the cause remanded.

*Judgment reversed.*