DAVID M. FORD

*v.*

HENRY J. McVAY, by his next friend.

55    119
97a 4107|

1. APPRENTICES—*of a void indenture—rights of the parties—construction of the statute.* An indenture of apprenticeship, which is not in conformity with the statute on that subject, is void as to the minor, but remains binding upon the father of the minor who joined with him in its execution, and stipulated that its conditions should be performed.

2. SAME—*how far the father may avail of the services of his child.* A father who is entitled to the services of his minor son, and for whom he is obliged to provide, may, at the common law, assign those services to another by contract, for a consideration to enure to himself.

3. So where an indenture of apprenticeship was entered into by a minor, his father joining therein, stipulating that the minor was to perform certain services for a specified compensation, the father also covenanting separately that his son should do and perform what he had agreed to do on his part, it was *held*, that, payment being made for the services of the minor according to the terms of the agreement, a recovery could not be again had for such services in the name of the minor, on the ground the indenture was void under the statute, because, though void as to the minor, it was binding on the father, who was entitled to the services.

4. AN IMPLIED CONTRACT can not arise where there is a subsisting express contract covering the entire subject matter.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. ROGERS & GARNETT, for the appellant.

Mr. THOMAS SHIRLEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action originally brought in a justice's court, by Henry J. McVay, a minor, who sued by his next friend, Bernard McVay, against appellant and William M. Fuller, the latter never having been served with process, and not entering appearance. The case was taken to the superior court of Chicago by appeal, when a trial was had before the court and a jury, resulting in a verdict in favor of appellee for ninety dollars. A motion for a new trial was overruled by the court, judgment entered on the verdict, the evidence and rulings of the court preserved by bill of exceptions, and the case brought here by appeal.

The evidence shows that the action was brought to recover upon a *quantum meruit* for work and labor done and performed by the plaintiff, Henry J. McVay, while a minor, for the defendants, Fuller and Ford. It appears from the evidence that appellee worked for Fuller and Ford from the nineteenth day of February, 1866, to the first day of May, 1867, when, for being absent from his work without leave, he was discharged. Several witnesses testified as to the value of his services.

The appellant introduced in evidence a certain indenture, made on the nineteenth day of February, 1866, by and between appellee, as a minor of the age of seventeen years, and Bernard McVay, his father, and appellant and said Fuller, for the apprenticeship of appellee to appellant and Fuller, to learn the trade of brass finishing, and to serve for the term of three years from the date, and until the nineteenth of February, A. D. 1869; the said appellee thereby agreeing to faithfully serve said Fuller and Ford during that time, and, among other things, that he would not absent himself from their service without their leave. Fuller and Ford, on their part, agreed to teach and instruct their said apprentice in the trade aforesaid,

or cause it to be done, and to pay him the sum of three dollars per week during the first year, and four for the second, and five for the third, and at the end of the term, to pay him $100, in lieu of clothing, board and schooling, he being required to board and clothe himself. This indenture was not only executed by Bernard McVay, the father, as principal, but he also, by agreement under seal on the back thereof, covenanted and agreed that Henry should faithfully perform and observe all the stipulations thereof.

It appears, and is not disputed, that appellee performed all the work in question in the suit under this indenture, and that he had been paid in full for such work according to the price therein stipulated. But inasmuch as the articles of apprenticeship are not in conformity with the statute, it was claimed that they were wholly void, and that, therefore, the appellee had a right to recover in his own name, as if they had never been made. This is a misapprehension of the effect of the statute. The fourteenth section provides that " all indentures, covenants, promises and bargains for taking, binding or keeping any apprentice, clerk or servant, not in conformity with the provisions and requirements of this chapter, shall be utterly void in law *as against such clerk, apprentice or servant."* Gross' Stat. 22.

The effect of this provision of the statute is to make the articles void as to the minor. But they are valid and binding as between the father and Fuller and Ford.

In *Day* v. *Everett,* 7 Mass. R. 154, Chief Justice PARSONS, who delivered the opinion of the court, said : " There is no question but that a father, who is entitled to the services of his minor son, and for whom he is obliged to provide, may, at the common law, assign those services to others, for a consideration to enure to himself. He may contract that his minor son shall labor in the service and employment of others for a day, a month, or any longer term, so that the time do not exceed the period of the child's emancipation from the father, which may

take place as well on the father's death as on the son's arriving at the age of twenty-one years." This case is cited and approved as law in *Butler* v. *Hubbard,* 5 Pick. 250. In the matter of McDowles, 8 Johns. R. 328, an indenture of apprenticeship for six years, which was held invalid as to the infant, was held binding upon the father. *United States* v. *Bainbridge,* 1 Mason, 71–78; *Branch* v. *Ewington,* 2 Doug. 518; *Cuming* v. *Hill,* 3 Barn. & Ald. 59.

Before a recovery could be had in the name of appellee, it was necessary to show, by express arrangement, or from such circumstances as that it might be inferred, that the father had given his son his time, so as to entitle him to receive his own earnings. *Shute* v. *Dorr,* 5 Wend. 203; *Jennison* v. *Graves,* 2 Blackf. 449; *Chase* v. *Smith,* 5 Vt. 556.

If there can be found anything in the evidence in the case, as to the father giving his son his time, and the benefit of his earnings, it is in the indenture given in evidence, which covered the entire subject matter, and must control the rights of the parties. An implied contract can not arise where there is a subsisting express contract covering the entire subject matter. *Walker* v. *Brown et al.* 28 Ill. 378.

The verdict was against the law and the evidence, and the court below erred in overruling the motion to set it aside. The judgment must be reversed and the cause remanded.

*Judgment reversed.*