### Augustine J. Schiml et al. v. Patrick Edgeworth.

#### Gen. No. 11,530.

1. PAROL EVIDENCE—*incompetent to vary written contract.* Parol evidence is incompetent in a court of law where it tends to show that the plain and express terms of a contract did not truly represent the agreement of the parties.

2. IMPLIED CONTRACT—*when instruction pertaining to, erroneous.* An instruction which authorizes the jury to base their verdict upon an implied contract, is improper in a case where it was undisputed that an express contract existed between the parties with respect to the subject-matter of the litigation.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed March 7, 1905.

**Statement by the Court.** Appellee brought in the Circuit Court an action of assumpsit to recover a balance claimed to be due for the construction of the stone front of a building upon a lot owned by the appellant, Katherine Schiml, under the following written contract:

" For the three-story flat building to be erected upon lot No. 4041 Calumet avenue, Chicago, Ill., following in detail the plan and drawings of H. G. Fiddelke, architect.

The ornamental coping excepted, the front of this flat building is to be of the best quality of Buff Bedford stone, cut and tooth chiseled; entire surface throughout to carry

vertical lines, of uniform color, even thickness and set in lime mortar furnished by the contractor. A sufficient stone surface in and about the main door entrance is to be provided for carvings, as designated in the plan and drawings. All carvings to be neatly executed in every respect. All joints in the stone work are to be pointed with Portland cement mortar, also all openings under sills. All sills to be set under ends, with mortar, leaving a clear space underneath; false joints should be avoided. Platform stone of stone steps to be the dimension as shown on plan and all other stones of steps neatly fitted, tight joints and in a solidly bedded level.

Buff Bedford stone for sills for all windows and doors throughout entire building.

As soon as the roof shall be finished, all stone work of the building is to be cleaned, dirt and mortar removed without water, if possible. Wash surfaces of sills and steps are to be rubbed. When this work shall have been completed and materials and workmanship accepted by owner and superintendents, Messrs. Neebes, then A. J. Schiml shall pay to Patrick Edgeworth seven hundred ten ($710) dollars. Of this amount five hundred ($500) dollars shall be paid when the work has reached the roof, and the balance of two hundred and ten ($210) dollars when the work is completed and accepted.

PATRICK EDGEWORTH,
J. J. E.
A. J. SCHIML."

The defendants filed among other pleas, separate verified pleas denying joint liability. The jury returned a verdict for the plaintiff for $226 and from a judgment on that verdict the defendants appealed.

THOMAS E. D. BRADLEY and WILLIAM J. WELDON, for appellants.

SAMUEL J. HOWE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The court over the objection of the defendants admitted evidence tending to show that when the bids for the stone fronts were first taken the prices therein named were

somewhat higher than the price named in the contract and higher than the defendant, Augustine J. Schiml desired to pay, and that it was then verbally agreed between him and the plaintiff that for the ornamental coping shown in the drawing mentioned in the contract a cornice molding should be substituted which brought the price down to $710; that the written contract was then drawn by Mr. Schiml and signed by him and the plaintiff and that the plaintiff omitted the ornamental coping and put on a cornice molding. In admitting this evidence we think the court erred. If the contract as written and signed did not express the agreement of the parties, the plaintiff must seek his remedy in a court of equity. As written its provisions are plain and free from ambiguity.

The court gave for the plaintiff the following instruction :

" The court instructs the jury that if you find from the evidence in this case, and under the instructions of the court, that the building at number 4041 Calumet Avenue was built for the joint account of the defendants, A. J. Schiml and Katherine Schiml, then each of the said defendants became liable for any obligation incurred in building said building. And if you find from the evidence, and under the instructions of the court, that the plaintiff is entitled to recover herein, and if you further find that said building was built for the joint account of the defendants, then you will find for the plaintiff a verdict against both defendants for whatever amount is shown by the evidence to be due to the plaintiff."

There was an express contract between Augustine J. Schiml and the plaintiff for the work in question at an agreed price and no contract between the plaintiff on the one part and Augustine J. and Katherine Schiml on the other part could therefore be implied. " An implied contract cannot arise when there is a subsisting express contract covering the entire subject-matter." Ford v. McVay, 55 Ill. 119-122.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*