### George A. Brenzel v. Ferdinand Kirschner.

1. ERRORS—*when will not be considered.* Errors assigned will not be considered on review where the abstract does not show the objection made and the action of the court thereon.

2. CONTRACT—*when not subject to construction.* Where there is no ambiguity in the language used, the instrument must speak for itself, and the parties to such contract are held to mean what they have clearly stated in writing.

Action commenced before justice of the peace. Appeal from the Circuit Court of Wabash county; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

E. B. GREEN and THEODORE G. RISLEY, for appellant.

M. H. MUNDY, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This action was brought against appellant, before a justice of the peace, to recover a balance of $61.90, claimed to be due on an itemized account which was filed in the Circuit Court. The case was tried in the Justice Court, appealed to the Circuit Court and there again tried by a jury, resulting in a verdict and judgment for the plaintiff for the sum claimed, $61.90. The defendant appealed and the record is now before us for review. In the trial below the total claim of the plaintiff amounted to $154.90, and the counter-claim or set-off filed by the defendant, duly itemized, aggregated $169.99. As against his claim the plaintiff conceded a credit to defendant of $93.45, the sum due on a chattel mortgage obligation, leaving the exact balance $61.90, for which the suit was brought and the verdict rendered. From this it follows that the item of $74.55 for hauling manure, which appears in the plaintiff's claim, was allowed by the jury. The allowance of this item raises the controlling question for determination by this court. It appears from the evidence that, for two years appellee was a farm tenant of appellant, under a written lease containing this clause: "The party of the second part (appellee) agrees to draw out and spread on said land all the manure made on the premises and to haul all manure and ashes that the party of the first part (appellant) may procure for him to put on said land." Appellee testified that he at first objected to signing the lease with the foregoing clause, but upon appellant's promise that he would

pay twenty-five cents a load for hauling the manure
he then signed it. He testified further, that when they
commenced the hauling of manure, appellant told ap-
pellee's boy that he would pay him for hauling the
manure. It does not appear from the abstract that ob-
jection was made to any of the testimony offered, or
that the trial court was asked by motion or instruc-
tion to exclude evidence heard, and, therefore, the first
and second of the errors assigned are not before us for
consideration. The question whether or not the ver-
dict is contrary to the evidence is made by the
fifth assignment, wherein it is assigned that the
court erred in overruling the defendant's motion
for a new trial, in which motion the grounds
are stated, that the verdict is contrary to the evi-
dence and the law. Under the written agreement,
the lease, appellee was not entitled to recover
on his claim for hauling manure, nor was the evi-
dence of appellant's promise at the time of making the
lease to pay twenty-five cents a load admissible, being
clearly within the established rule that parol evidence
may not be heard to vary, modify or contradict a writ-
ten contract. Where there is no ambiguity in the lan-
guage used, the instrument must speak for itself, and
the parties to such contract are held to mean what they
have clearly stated in writing. By the clear and ex-
pressed terms of the lease in controversy, appellee
agreed, as a part of the consideration for the use of the
farm, to haul the manure for which he now makes
claim. The trial court so held in sustaining objection
to the testimony (as we learn from the record, but not
from the abstract), and by appellant's given instruc-
tion numbered 4. There is no evidence to sustain ap-
pellee's contention of a contract made subsequent to
the execution of the lease by which to sustain the claim
for hauling. Giving to appellee's testimony the most
liberal construction, it falls far short of proving a con-
tract modifying or changing the then existing written
contract. There is nothing in the mere statement at-

tributed to appellant, that he would pay the boy for hauling the manure, to warrant the conclusion and finding that a new contract was entered into between appellee and appellant, whereby appellee was released from his written obligation to do the same work, and that appellant was to pay for what he had already rendered, compensation in granting the lease. There is nothing in the statement, or accompanying circumstances, to suggest a consideration or mutuality of obligation, both of which are essential elements in every contract. There can be no implied obligation to remunerate for services rendered under and required by a written obligation. Litigation of the kind disclosed by this record is to be regretted, and all the more, where the sum involved is so small, that the controversy should end with the judgment of the trial court. Nevertheless, the right to an appeal is given by law, and under the law may not be denied. It is the duty of this court, as of all others, to determine controversies and hold litigants to the legal principles and practices by which justice is attained and award judgment accordingly. For the reasons stated, that the verdict in allowing appellee's claim for hauling manure is contrary to the evidence, the judgment will be reversed and the cause remanded. As to other items in the claim of appellee and the counter-claim by appellant we express no opinion.

*Reversed and remanded.*