MARY E. MILLER, Admx., Defendant in Error, *vs.* JOHN W. DUNTLEY, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. CONTRACTS—*if both parties sign a contract they assent to everything in it.* Where a contract is signed by both parties both are regarded as having assented to everything in it.

2. SAME—*what is not an agreement to pay $10,000.* A contract whereby the first party acknowledges the receipt of $1500 from the second party as part payment on $10,000 worth of stock which the second party had promised the first party, the first party agreeing to allow the second party a specified time to pay the balance of $8500, in default of which he is to forfeit payments already made but if he pays the full amount he is to be released from his promise to the first party, is not an agreement by the second party to pay $10,000, or any other sum, but is an agreement that if he does pay the $10,000 he will be released from his promise to deliver the stock, and if he fails to make full payment he will forfeit payments made.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding.

MONTGOMERY, HART, SMITH & STEERE, and STEERE, WILLIAMS & STEERE, (GEORGE S. STEERE, of counsel,) for plaintiff in error.

HARLAN & McCANDLESS, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Mary E. Miller, administratrix of the estate of S. Felton Miller, deceased, commenced her suit in the municipal court of Chicago against the plaintiff in error, John W. Duntley, to recover damages in the sum of $10,000, and interest from November 1, 1900, for the breach of a written contract. The statement of the claim alleged that the defendant by the contract agreed that on or before November 1, 1900, he would either pay to S. Felton Miller the sum of $10,000 or would deliver to said Miller $10,000 worth of stock of the Chicago Pneumatic Tool Company, and that the defendant failed and refused either to pay said sum of $10,000, or any part thereof, or to deliver $10,000 worth of stock of the Chicago Pneumatic Tool Company, or any part thereof. A copy of the contract attached to the statement of claim is as follows:

"CHICAGO, ILLINOIS, *December 9, 1899.*
"I hereby acknowledge receipt of $1500 received this date from J. W. Duntley, which is in part payment on $10,000 worth of stock in the Chicago Pneumatic Tool Company, which J. W. Duntley promised me.
"I hereby agree to allow him until August 1, 1900, to pay the balance of $8500, and if the said J. W. Duntley should fail to pay the full amount by August 1, 1900, he will forfeit and lose payments which have been made.
"And upon payment of this full amount I release him from any promise or claim whatsoever between the said J. W. Duntley and myself.
                                            S. F. MILLER,
(Endorsed):                                 J. W. DUNTLEY.

"Received March 6, 1900, 1500 on acct. and this agreement is to be extended to Nov. 1900.
                                            S. F. MILLER."

The defendant's affidavit of merits denied any indebtedness to the plaintiff or that he ever promised to pay $10,000, or any sum of money, to S. Felton Miller or the

plaintiff, or that there ever was any consideration for a promise to pay $10,000 or any part thereof, and alleged six payments at different times, up to June 13, 1901, aggregating $5850, in addition to the $1500 paid when the contract was made. There was a jury trial, at which the plaintiff introduced in evidence her letters of administration and the written contract, which was all the evidence for the plaintiff. The defendant proved the payments set forth in the affidavit of merits, and thereupon the court instructed the jury to find the issues for the plaintiff and assess her damages at $4150, with interest at five per cent from July 13, 1901. The jury returned a verdict for the plaintiff for $6216.33, and the Appellate Court for the First District affirmed the judgment. A writ of *certiorari* was allowed for the purpose of reviewing the judgment of the Appellate Court.

The contract was signed by both parties, and therefore both assented to everything contained in it. The defendant, by his signature to the writing and the payment of $1500, acknowledged that he had before that time made a promise to Miller and that this contract and the payment related to his antecedent obligation. That promise was not to pay Miller $10,000, of which $1500 was paid in cash, and to pay the balance before August 1, 1900. It would be absurd to say that the defendant promised to pay $10,000 and made a partial payment thereon, and agreed at the same time that if he did not pay the whole amount by a given date he was to forfeit the partial payment. The promise which the defendant acknowledged he had made was a promise of $10,000 worth of stock in the Chicago Pneumatic Tool Company. The contract recited that the $1500 was in part payment on $10,000 worth of stock in the Chicago Pneumatic Tool Company, which the defendant had promised Miller. But, of course, it was not part payment on his own stock which he was to deliver to Miller, which would be paying cash and also delivering stock, but it was

part of a payment of $10,000 which he was privileged to pay in place of delivering the stock. The reasonable interpretation of the contract is that the defendant had promised Miller $10,000 worth of stock of the Chicago Pneumatic Tool Company, and the parties agreed that the defendant should have the option, instead of delivering the stock, to pay Miller $10,000 in cash,—$1500 when the contract was made and the balance by August 1, 1900, the time being afterward extended to November, 1900. There is no uncertainty about the agreement after the first paragraph. It provides that if, in addition to the cash payment of $1500, the defendant should pay Miller within a given time the further sum of $8500, making a total of $10,000, the defendant was to be released from any promise or claim whatsoever, which necessarily included his promise to deliver $10,000 worth of stock of the Chicago Pneumatic Tool Company. If the defendant elected not to pay the $10,000 within the time limit he was to forfeit the $1500 paid on the date of the contract and any other sums which he might pay within the specified time. There was no promise by the defendant to pay Miller any sum of money, but the defendant was given the option to pay money for the purpose of obtaining a release of his obligation to deliver stock. The provision that if the defendant should fail to pay the full amount within the date limit he should forfeit the payment made is inconsistent with any implication of a promise to pay $8500. The conditions of the contract being fully stated there is no room left for any implied promise. The defendant paid $1500, with the privilege of making further payments to the amount of $10,000, and thereby obtaining a release from the promise he had made to deliver stock to that amount, but he made no promise to pay anything. All that he agreed to was to forfeit any cash payments he might make if he failed to pay the full stipulated amount within the time limited by

the contract. In our opinion the municipal court and Appellate Court did not correctly interpret the contract.

The judgments of the municipal court and the Appellate Court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*