Dye and wife, *appellants,* vs. Kerr and others, executors, &c. and Sarah Kerr, *respondents.*

Where services are rendered by a daughter to her father, in his house, without any agreement for compensation, and there is no proof that she, at the time, expected any such reward, or supposed that any pecuniary obligation was to be thereby incurred; the daughter living with her father, as a member of his family, and being taken care of, and her wants supplied, by him, and no accounts being kept by either; the law will not imply a promise to pay for services thus rendered, nor permit a recovery, unless an express promise is shown, or something to prove that such was the expectation on both sides.

The fact that one of the executors of the father, after the death of the latter, has given his note for the amount of such claim, and taken a release and discharge of the claim, will not entitle the executors to be allowed for it, on a final settlement of their accounts with the estate.

Appeal from a decree of the surrogate of the county of Cayuga, made on a final settlement of the accounts of executors. The facts are sufficiently stated in the opinion of the court.

Dye *v.* Kerr.

*Geo. Rathbun,* for the appellants.

*Jno. P. Hulbert,* for the respondents.

*By the Court,* WELLES, J.   The only question on this appeal is upon the allowance by the surrogate of the item of $1200, as having been paid by the executors to Sarah Kerr. The appellant, Margaret Dye, was one of the daughters of the testator John Kerr, and one of the residuary legatees under his will.   The proof before the surrogate shows that the said Sarah Kerr presented to the executors a claim for thirty years' services for the testator, which was settled by one of the executors giving her his note for $1200 ; upon which she gave a receipt for that amount, expressed to be "For work, labor and services done and rendered for my father, the said John Kerr, in his lifetime ;" and she thereby discharged the said executors and the estate of the said John Kerr, from any claims she had against it.   The evidence, I think, establishes the fact that the services were rendered without any agreement for pecuniary compensation, and there is no evidence tending to show that any such reward was expected, at or during the time they were being rendered, or that any pecuniary obligation was to be thereby incurred.   The claimant lived with her father, the testator, as a member of his family, and was taken care of by him as one of his family.   Her wants were supplied, and she rendered the services in question, and no accounts were kept by either.

The books are full of cases to show that under such circumstances, the law will not imply a promise to pay for services thus rendered, or permit a recovery, unless an express promise is shown, or something to prove that such was the expectation on both sides.   (*Williams* v. *Hutchinson,* 5 *Barb.* 122, *and cases there cited.*)   I think it abundantly appeared by the evidence before the surrogate, that during the whole time the services were being rendered, the family relation which is always, in the absence of any express agreement or promise to pay, re-

garded a bar to any right of recovery, existed between the testa-tor and the claimant.

Whether the giving the note by one of the executors for the amount of the claim is to be regarded as a payment, or not, does not, in my opinion, vary the question. If the demand had been paid in money, it would not, in my judgment, entitle the executor to be allowed for it on a final settlement of his accounts with the estate. It would be a payment of a claim which was without any legal foundation to support it. One which could never have been recovered in the lifetime of the testator, nor against his representatives after his death, in a court of justice.

The decree of the surrogate must be reversed with costs, to be paid by the executors out of the residuary legacy of the said Sarah Kerr, and in case that shall prove insufficient, then out of the estate of the testator generally, with directions to the surrogate to exclude the said claim of Sarah Kerr in the final settlement.

Decree accordingly.

[MONROE GENERAL TERM, September 2, 1851. *Welles, Selden* and *Johnson,* Justices.]