## CONGER vs. VAN AERNUM.

The plaintiff, while in the employ of the defendant, and working upon his farm at a specified sum per month, including his board, married the daughter of the defendant, who was then residing with her father, as a member of his family. She continued to reside with, and render services for, her father, being his principal housekeeper, and he furnished her and her two children—issues of the marriage—with food and clothing ; without any agreement or understanding, or accounts kept, touching the services of the daughter and the food and clothing of herself and children. And the plaintiff continued to work for the defendant, and to board in his house.

*Held*.that the circumstances did not justify.the implication of a promise by

Conger *v.* Van Aernum.

the defendant to pay for the services of his daughter, and a promise by the plaintiff to pay for the board and clothing of his wife and children.

That the claims touching the wife and children should be considered together; and that the plaintiff was not entitled to any thing for the services of his wife, nor was the defendant entitled to any thing for the food and clothing of the wife and children.

*Held, also,* that the parties having agreed, in March, 1852, for the services of the plaintiff for eight months, at $12 a month, and he having continued to labor for the defendant until March, 1860, without any other agreement being made as to the amount of his compensation, a promise by the defendant to pay what the plaintiff's services, after the expiration of the eight months, were reasonably worth, might be implied.

And that the relation between the plaintiff and defendant was not such as to negative the presumption that compensation was expected and intended, by both parties.

But that the statute of limitations applied to all wages that became due to the plaintiff more than six years prior to the commencement of this action.

APPEAL from a judgment entered upon the report and decision of a referee. The action was to recover a compensation for work, labor and services. The plaintiff, in March, 1851, commenced working for the defendant, on his farm, under an agreement for eight months, at $13 a month, the defendant to board the plaintiff. At the expiration of the eight months, the plaintiff continued work until March, 1852, for his board ; when a further agreement was made for the next eight months, at $12 a month and board. The plaintiff continued to labor for the defendant, and was boarded, until about March 1, 1861, without any further or other agreement between the parties. The referee found that such labor and services were worth $160 a year, besides the boarding of the plaintiff. The referee ascertained the amount paid to the plaintiff between March 1852 and March 1861 in the way of wearing apparel and spending money during the six years next prior to the commencement of this action, and struck a balance in favor of the plaintiff. He found that the wages were due at the end of each year, and after applying the value of the wearing apparel, and spending money, he allowed interest on the balance, to the date of the report.

He applied the statute of limitations to all wages that be‑ came due more than six years prior to the commencement of the action.

In Nov. 1853, the plaintiff married the daughter of the de‑ fendant, who was then residing with her father, as a member of his family. She continued to reside with her father and rendered services for him as she had previously been accus‑ tomed to render them, and the defendant furnished her and her two children, issues of the marriage, with food and cloth‑ ing ; there being no agreement or understanding touching the services of the daughter and the food and clothing of her‑ self and the children.

The referee decided that the plaintiff was not entitled to any thing for the services of his wife, and that the defendant was not entitled to anything for the food and clothing of the plaintiff's wife and children. He decided that the plain‑ tiff was entitled to recover $160 a year, less the value of his clothing and spending money, and an item of twenty dollars paid for his use, and to be allowed interest on balances ; and he limited the recovery to six years. The defendant except‑ ed to some of the findings of fact, and some of the conclu‑ sions of law.

*Sickles, Graves & Childs,* for the plaintiff.

*Bessac & Buller,* for the defendant.

*By the Court,* MARVIN, J. Upon the argument the defend‑ ant's counsel made two points : 1. That the relation which the plaintiff maintained, previous to his marriage with the defendant's daughter, as the hired servant of the defendant, was merged in the other relation of son-in-law ; and that the defendant had a right to presume that the plaintiff remained with him as a son, instead of a hired servant. 2. If the plaintiff is entitled to receive compensation for his services, then he is bound to pay the defendant a reasonable compen‑

sation for the board and clothing of his children. There was evidence, upon the trial, tending to prove the value of such board and clothing, and also the value of the services of the wife, and her board and clothing. The referee in his opinion, and the counsel in their arguments, refer to *Robinson* v. *Cushman*, (2 *Denio*, 149 ;) *Williams* v. *Hutchinson*, (5 *Barb.* 122 ;) and *Dye* v. *Kerr*, (15 *Barb.* 444.)

*Robinson* v. *Cushman* has little or no application to the present case. In *Williams* v. *Hutchinson* the plaintiff was the infant son of a widow who married the defendant. He became a member of the defendant's family, as one of the children, and was fed, clothed and schooled as such, and he labored upon the farm until he was about seventeen years old. It was held that the defendant stood *in loco parentis* to the plaintiff, and that this repelled all presumption of service for him, or wages, and rendered an express promise indispensable to the maintenance of an action.

In *Dye* v. *Kerr*, the claim was by a daughter, against her father's executor, for thirty years' services. The service was rendered without any agreement for compensation. She lived with her father, as a member of the family, and as such was taken care of.

In the present case a new relation intervened. The daughter of the defendant, and the plaintiff, intermarried. From that time the plaintiff was undoubtedly entitled to the services of the daughter, then become his wife, and he was bound to support her and her children. The question, however, would arise, in the absence of a special agreement, whether the circumstances justify the implication of a promise by the father to pay for the services of the wife-daughter, and a promise by the husband to pay for the boarding and clothing of the wife and children.

The referee has found that "there was never any agreement or understanding that the defendant should pay any thing for the services of his daughter, or receive any thing for her board or clothing, or for the support of her children."

This finding is broad, and includes any agreement, express or implied, and so I think the referee intended. I have looked into the evidence, and am satisfied with this finding. I think, from the evidence, that there was no intention by either of the parties that there should ever be an accounting for the services of the plaintiff's wife, and the board and clothing of herself and the two children, one five and the other three years old, when the plaintiff ceased working for the defendant. The wife continued to discharge the duties of a daughter to the defendant, as also that of a wife to the plaintiff. No accounts were kept ; and if there had been, it is not quite clear to my mind, from the evidence, upon which side the balance would have appeared. The defendant's wife was in poor health most of the time, and it appeared that the plaintiff's wife was the principal house-keeper, and rendered valuable services. They were probably quite equal to what she and her children received from her father. The plaintiff claimed compensation for her services ; the referee disallowed the claim, and the plaintiff has not appealed. He acquiesced in this decision. The defendant, however, appealed, and now claims compensation for the board and clothing of his daughter's children; that is, unless the claim of the plaintiff, for his services, is disallowed. In my opinion the claims touching the wife and children should be considered together ; and I am satisfied with the disposition of them made by the referee.

The claim for the plaintiff's own services is now to be considered. The referee finds that in March, 1852, the parties agreed for the services of the plaintiff for eight months at $12 a month, and that he continued to labor until about March 1, 1860, without any other agreement being made between the parties, relative to the compensation which the plaintiff should receive for his labor and services ; and that such labor and services were worth, over and above his board, $160 a year. By allowing this sum, less what the plaintiff had received, the referee has found an implied promise to pay

what the services were reasonably worth. And with the finding and decision of the referee I am entirely satisfied. The relation between the plaintiff and defendant was not such as to negative the presumption that compensation was expected and intended by both the parties. Indeed there is much affirmative evidence in the attempts of the parties to settle, &c. tending to prove that compensation for his services was expected by both parties. The plaintiff was of mature age, a young married man, during most of the nine years. He appears to have been industrious and economical, having the principal charge and superintendence of the farm. He was following the example of other young men in this country, laboring by the month or year, for a period, for wages, with a view to the accumulation of capital with which to set up for himself. The cases above cited are not analogous ; nor is *Williams* v. *Hutchinson,* (3 *N. Y. Rep.* 312,) and the cases therein cited.

The judgment should be affirmed.

[ERIE GENERAL TERM, May 2, 1865. *Grover, Daniels* and *Marvin,* Justices.]