MARGARET WILCOX, adm'r of Milton P. Wilcox, appellant, *vs.* CATHARINE WILCOX and others, respondents.

The law will not imply a promise to pay for board or services, as among members of the same family, and persons more or less intimately or remotely related, where they are living together as one household, and nothing else appears.

One tenant in common, although he have the exclusive possession of the common property, is not liable to account to the other tenants in common either for rent or for a share of the profits; unless there be an express agreement that he shall do so.

Where a married woman is a tenant in common with others of property occupied by her and her husband, his occupation being that of his wife, no action will lie against him by the other tenants in common, for rent, without proof of an agreement to pay it.

THIS is an appeal from the final decree of the surrogate of Monroe county, settling the accounts of Margaret Wilcox, as administratrix of Milton P. Wilcox, deceased, in which her rights and duties as such administratrix, and

as heir at law of her father, Isaac B. Cole, and as legatee in his will named, are involved, and were necessarily passed upon by the surrogate. Isaac B. Cole died at Perinton in the year 1862, leaving a will, and leaving Cynthia Cole, his widow, Henry Cole, his son, and Margaret Wilcox, his daughter, and heirs at law, and legatees named in his will. Margaret, at the time of her father's death, had been married to Milton P. Wilcox, the intestate, for several years, and had never left her father's house; her husband went into Cole's family and lived there, with his wife. For the last two years of Cole's life he also had a horse kept there by Cole. After the death of Cole, the intestate went on to the farm by and with the consent of all the owners, Mrs. Cole, Henry Cole and Mrs. Wilcox, under no specially expressed bargain. Milton P. Wilcox died intestate in the year 1864, leaving Margaret Wilcox, his widow, but no children, but leaving the respondents, who were his brothers and sisters, his heirs at law. Mrs. Cynthia Cole became the administratrix of her husband, I. B. Cole, and presented to Margaret Wilcox, as the administratrix of Milton P. Wilcox an account against the estate of Wilcox, which included an item for board and horse keeping, $800 and interest. This item Mrs. Wilcox paid by giving her note, and took a receipt, and presented it as one of the items against the estate of her husband; but it was disallowed by the surrogate. Another item in the account of the administratrix of Wilcox was a claim of $1593 for the rent of the farm two years, while it was occupied by Wilcox, with interest.

Mrs. Wilcox and her brother Henry had bought this claim from Mrs. Cole and taken an assignment of it, and presented that as a claim against the estate, including her proportion of the rent. This was also disallowed by the surrogate, as to so much as was claimed for Mrs. Wilcox.

From the decision of the surrogate in these two matters Mrs. Wilcox appealed to this court.

Wilcox *v.* Wilcox.

*Wm. C. Rowley*, for the appellant.

*J. L. Angle*, for the respondent.

*By the Court*, E. DARWIN SMITH, J. The surrogate was clearly correct in disallowing the claim of $800 for board and horse keeping. The proof showed that upon the marriage of Milton P. Wilcox with Margaret Cole he lived at his wife's father's and made it his home there, by invitation and common consent, without any claim, suggestion or expectation by any one that he was to pay for the board of himself and wife. No agreement for board is proved; and without an express agreement to pay for board no legal claim arose, and none should be recognized or allowed, under such circumstances. The case of *Robinson* v. *Cushman*, (2 *Denio*, 153,) fully asserts this principle, and it is eminently sound and just. The law will not imply a promise to pay for board or services, as among members of the same family and persons more or less intimately or remotely related, where they are living together as one household, and nothing else appears. (*Williams* v. *Hutchinson*, 5 *Barb*. 124. 17 *Verm. R.* 556. 16 *id*. 150. 3 *Cowen*, 612. *Dye* v. *Kerr*, 15 *Barb*. 444.)

The surrogate also correctly held that the claim of the heirs and devisees of I. B. Cole, for rent of the farm occupied by Wilcox, was not recoverable, so far as related to the one third of the amount claimed by the appellant; and for the same reason he should have disallowed such claim so far as related to the residue of such claim for rent. No portion of such item for rent should have been allowed. Wilcox occupied the farm in the right of his wife, who was a tenant in common with Cynthia and Henry Cole. His occupation was her occupation, and as no action would lie against her for such occupation, it would not lie against him, without proof of some agreement to pay rent. The surrogate held the law to be—and in this he was clearly right—that one tenant in common, although he have the exclusive possession

of the common property, is not liable to account to the other tenants in common either for rent or for a share of the profits, unless there be an express agreement that he shall do so. (*Henderson* v. *Eason*, 9 *Eng. L. and Eq.* 339. *Woolever* v. *Knapp*, 18 *Barb.* 265. *Dresser* v. *Dresser*, 40 *id.* 300.)

It appears that on the decease of the father of Mrs. Wilcox the remainder of the family, consisting of her mother and one brother, all lived together on the farm, and the intestate Wilcox carried on the farm. This was at the request and by the advice of Cole, the father of the appellant, in his lifetime, and apparently by common consent and for the common benefit, so far as they all lived upon the farm and from the farm. Wilcox did not become liable to pay rent because he was there employed in preserving the common property and cultivating the farm in the right of his wife, because the head of the household, for the common benefit of all the parties interested in the property upon the decease of the appellant's father. This whole claim for rent should have been disallowed, and as the respondents make this claim in their answer to the petition of appeal under rule 44, the decree can be so modified, and with this modification it should be affirmed, with costs to be paid by the appellant.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson*, Justices.]