HIRAM JOSLYN, RESPONDENT, v. MARIA JOSLYN, IMPLEADED WITH ANOTHER, APPELLANT.

*Tenant in common — right of to sue co-tenant — 1 R. S., 750, § 9 — Right of referee to allow amendments to pleadings — Code, § 173.*

Under the provisions of 1 Revised Statutes, 750, section 9, authorizing one tenant to maintain an action of account, or for money had and received, against his co-tenant for receiving more than his share of the rents and profits of land, the right of recovery is limited to the proportionate share of the net amount

actually received; and no recovery can be had thereunder for what a co-tenant, who is himself in possession of the land, takes therefrom and applies to his own use.

Where, in such a case, the co-tenant in possession of the land rents a portion thereof and occupies the remainder himself, it rests upon the party bringing the action to show the net amount of rent received by the defendant from his tenant; and in the absence of all proof on this subject there is no presumption that the amount thereof is equal to the whole annual value of the premises held in common.

Where an action is brought by one tenant in common against his co-tenant, to recover for the use and occupation of an undivided one-third of a certain farm held in common by them, a referee has no power, under section 173 of the Code, to allow the complaint to be so amended upon the trial, as to convert the action into the action for an account or for money had and received authorized by the Revised Statutes.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*J. A. Stull,* for the appellant.

*J. A. Steele,* for the respondent.

TALCOTT, J:

This is an appeal from a judgment entered on the report of a referee. The action was for the use and occupation of one undivided third of a certain farm in Monroe county.

The defendant, Maria, after a general denial, set up that she was, during all the times mentioned in the complaint, the owner of the other two-thirds of the premises, and was a tenant in common of the whole premises. There were other allegations in the answer, setting up, in substance, that the undivided one-third claimed by the plaintiff, had belonged to the husband of said Maria, and that the plaintiff's claim thereto was colorable and collusive, and on this question considerable evidence appears to have been taken. But that branch of the defense was finally, by consent, withdrawn from the consideration of the referee, and it is therefore unnecessary to consider it, or any of the questions arising under it.

At common law, one tenant in common cannot maintain an action against his co-tenant to recover for the occupation of the premises held in common, nor for the rents, issues and profits thereof, though received by such co-tenant in the absence of an

express *agreement* to that effect. But by the statute (4 Anne, ch. 16, § 27) enacted in this State (1 R. S., 750, § 9), a right of action is given in a certain mode, and in certain cases, by the following provisions, viz.:

"One joint tenant or tenant in common, and his executors or administrators, may maintain an action of account or for money had and received against his co-tenant for receiving more than his just proportion, and the like action may be maintained by them against the executors or administrators of such co-tenant."

There was an entire failure to prove that the defendant occupied the premises under any agreement to pay rent, or in any manner to compensate the plaintiff for the use of his one-third. Indeed, the plaintiff himself testified that he had no understanding or bargain with the said Maria, only gave her a notice that he had bought her husband's interest. But there was evidence tending to show that Emmett Joslyn, one of the defendants, occupied under some arrangement with Maria, whereby she was to have some portion of the crops raised by him. The evidence was only explicit as to a certain twenty-one acres of wheat, which a witness testified that he bought of said Emmett in the spring of 1873, with an agreement to deliver to Maria one-half of the wheat and straw from the said twenty-one acres, and some evidence was given to the effect that the annual rental value of the entire farm, consisting of 108 acres, was from $500 to $700.

The evidence as to the rental value of the farm was taken against the objection and exception of the defendant.

At the close of the plaintiff's case, the defendant moved for a nonsuit, upon the ground that the action could not be maintained, as the defendant was a tenant in common with the plaintiff, and it was not claimed or proved that there was any express contract between plaintiff and the defendants, or either of them, and the defendant Emmett, was not liable, because he was occupying under the co-tenancy of the plaintiff.

The plaintiff met the motion for a nonsuit with an application to amend his complaint, so as to correspond with the facts proved, which motion was granted and the nonsuit denied. The record, however, does not show that the plaintiff has in any manner availed himself of the permission to amend his complaint; but the com-

plaint stands now in the case as a complaint for use and occupation. Such a right of action does not exist in the absence of an express agreement, and the proof of the tenancy in common, was a bar to the cause of action set forth in the complaint. ( *Wilcox* v. *Wilcox*, 48 Barb., 327.)

An action for money had and received may be maintained under the statute above referred to; but in such a case, the right to recover is confined to the net amount actually received, as the co-tenant is liable only for the just proportion of what he *receives*, not for what he takes. (Washburn on Real Prop., 420.)

The defendant objected to the allowance of the application to amend the complaint so as to " correspond with the facts proved," and excepted to the decision giving such permission. This permission was, as stated by the referee, " so as to make the claim one substantially for money had and received." Section 173 of the Code, which authorizes the allowance of an amendment of the pleadings by conforming them to the facts proved, is expressly confined to cases where the amendment does not change substantially the claim or defense. The amendment permitted in this case, we think, does substantially change the cause of action relied upon by the plaintiff, which gives no hint to the defendant Maria that she was claimed . to be liable for the value of any portion of the produce of the farm which she had received from Emmett Joslyn, and she could not be prepared to enter into that inquiry, or to show the amount which she had expended in taxes and necessary repairs. The amendment appears to have been granted without the interposition of any terms, and so far as the case showed, operated most unjustly against the defendant. To change the action from a claim for use and occupation of real property to one for money had and received, was not authorized by that section of the Code which permits the pleadings to be amended, by conforming it to the facts proved.

So, too, the referee erred in receiving evidence as to the rental value of the premises. The defendant Maria, occupied a portion of the premises herself, and she pastured other portions with the cattle and horses owned by her. The referee, it appears, has allowed the plaintiff to recover against the defendant Maria, one-third of the supposed rental value of the premises, for three years, with interest, without any proof or finding that she had received

that sum, but on the ground that it was one-third of the fair rental value of the premises, and upon the idea that the defendant should have proved the value of what she did in fact receive. Conceding that a tenant in common, who permits the occupation of the premises held in common upon shares, and receives his share of the products, is liable in an action for money had and received for a proportion of the produce thus received, it rests with the plaintiff to give some evidence of the value of the products so received, and there is no presumption that it is equal to the whole annual value of the premises held in common. (See *Sherman* v. *Ballou*, 8 Cow., 306; and *Woolever* v. *Knapp*, 18 Barb., 265.)

The judgment is reversed and a new trial ordered before another referee, costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.