JEROME B. ROSEBOOM, Respondent and Appellant, v. JOHN D. ROSEBOOM, Respondent and Appellant, and others.

*Construction of will — when widow takes an estate in fee — Liability of tenant in common to account for rents and profits.*

A testator by his will provided " I give and bequeath to my beloved wife Susan one-third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow ; and I wish my son George to have the first privilege of carrying on the farm as my wife may see fit and proper ; and at the death of my wife all my property, both real and personal, to be equally divided between my eight children."

*Held*, that the widow took an estate in fee in an undivided third of the farm, and not merely an estate for life therein.

Where one tenant in common enters into possession of a farm, and does nothing to prevent his co-tenants from occupying the same with him, he is not liable to account for the value of the rents, issues and profits thereof, nor for what he takes therefrom, but only for what he actually receives over and above his just proportion.

APPEALS from a judgment entered in Jefferson county upon the trial of this action by the court without a jury. By the plaintiff, from so much thereof as " adjudged that the plaintiff and the defendants, John D. Roseboom, Edgar Roseboom, George Roseboom, Nancy Dean, Jenevieve Underwood, Jozena Owen and Fannie Allen, are each the owner of an undivided one-eighth part of the premises in the complaint mentioned, subject to the inchoate rights of dower of their respective wives, and ordering a distribution of the proceeds of sale of said premises accordingly; also adjudging that the plaintiff is only the owner of an equal share of said premises in common with the other defendants above named, to wit: the owner of an undivided one-eighth part thereof only, and this appeal is from every part of said decision and of said decree or judgment." By the defendant, John D. Roseboom, from so much thereof as " adjudged and decreed that the defendant, John D. Roseboom, is liable to account to the plaintiff and the other defendants, for the reasonable value of the use and occupation of the premises described in the complaint herein, so long as he shall occupy the same, at the rate of $325 per year; that plaintiff and the other defendants' proportionate share of said use and occupation be deducted from the share of the said defendant, John D. Roseboom, and paid to them by the referee making the sale herein, and ordering a distribution of the proceeds of the sale of said premises accordingly; and this appeal is taken from so much and such part of said decision, judgment and decree only."

*O'Brien & Emerson*, for the plaintiff. The general rule, in the construction of wills, is to ascertain and give effect to the testator's intentions. (*Crosby* v. *Wendell*, 6 Paige, 548; *Parks* v. *Parks*, 9 id., 117; *Pond* v. *Bergh*, 10 id., 152; *Hatfield* v. *Sneden*, 42

Barb., 621; *Sweet* v. *Chase*, 2 N. Y., 283.) By the will, the testator provided for two distinct devises, and the court must give effect to both, unless so utterly inconsistent and incompatible that in giving effect to one the other must necessarily fail. (*Trustees* v. *Kellogg*, 16 N. Y., 84; *Van Nostrand* v. *Moore*, 52 id., 12; *Van Vechten* v. *Keator*, 63 id., 52; *Taggart* v. *Murray*, 53 id., 233; *Sweet* v. *Chase*, 2 id., 73; *Everett* v. *Everett*, 29 id., 39, 83; *Conover* v. *Hoffman*, 1 Bosw., 223.) The rule that when two parts of a will are so totally inconsistent that they cannot be reconciled, the subsequent part is to be taken as evidence of a subsequent intention, is only adopted from necessity to prevent both provisions being avoided for uncertainty. (*Covenhoven* v. *Shuler*, 2 Paige, 122; See, also, *Cheeseboro* v. *Schoolcraft*, 25 Wend., 632; *Beardslee* v. *Beardslee*, 5 Barb., 324; *Sweet* v. *Chase*, 2 N. Y., 73; *Everett* v. *Everett*, 29 id., 39, 83; *Van Vechten* v. *Keator*, 63 id., 52; *Conover* v. *Hoffman*, 1 Bosw., 223.) An express and positive devise cannot be controlled by subsequent words of uncertain import. (*Corrigan* v. *Kiernan*, 1 Brad., 210; 2 Jarman on Will, 742; *Arcalarius* v. *Geiserhainer*, 3 Brad., 75; 1 Jarman on Wills, 161, 165, 414; Redfield on Wills, page 447; *Adams* v. *Clarke*, 9 Mod., 154; *Brien* v. *Ferrier*, 7 Simons, 549; *Brown* v. *Lyon*, 6 N. Y., 419.) An express and positive devise cannot be controlled by subsequent ambiguous words. (8 Bligh. [N. S.], 88; 2 Clark & Finnelly, 22; 4 De G. & J., 30; 1 Vesey, Jr., 268; 8 Vesey, 42; Cowper, 99; *Arnold* v. *Gilbert*, 5 Barb., 190, 202; *Quin* v. *Skinner*, 49 id., 134; *Oxley* v. *Lane*, 35 N. Y., 349; *Floyd* v. *Fletcher*, 38 Barb., 409; *Norris* v. *Beyea*, 13 N. Y., 273; *Perry* v. *Merrit*, 9 Eng. Rep., 792; *Doe* v. *Sloggett*, 5 Exch., 107; *Bettison* v. *Richards*, 7 Taunt., 105.) Courts will so construe wills as to make the disposition of property effectual. (*Butler* v. *Butler*, 3 Barb. Ch., 305; *Du Bois* v. *Ray*, 35 N. Y., 162; *Post* v. *Hover*, 33 id., 593; *Mason* v. *Jones*, 2 Barb., 230.) The court committed no error in holding that the defendant, John D. Roseboom, should account in this action for the use and occupation of the farm during the pendency of the same. This being an equitable action, the court has ample power to do anything that may be necessary to fully and finally adjust the rights of all the parties. (*Smith* v. *Smith*, 10 Paige. 470; Bisphams Prin. of Equity, page

441; 27 Beav., 508; Story's Eq. Jur., §§ 654, 655, 656.) It may be maintained upon the theory of mesne profits. This action is always maintainable, when there has been a wrongful holding. (60 Barb., 463, 478; 6 Hill, 328; 2 Johns., 369; 3 id., 475; 6 id., 46; 6 Hill, 507; 1 Wend., 134; 36 N. Y., 647; 2 Johns. Cas., 438; 5 Cowen, 264.) The proper measure of damages was the fair value of the use and occupation. (*Van Dervoort* v. *Gould*, 36 N. Y., 647; *Holmes* v. *Holmes*, 19 id., 488; *S. C.*, 21 Barb., 488; *Holmes* v. *Davis*, 19 N. Y., 495.)

*L. J. Dorwin*, for the defendant. John D. Roseboom was not chargeable with the rent of the premises from the death of Susan Roseboom to the time of trial, and thence to the day of sale, at the rate of $325 per year. (*Wooliver* v. *Knapp*, 18 Barb., 265; *Dresser* v. *Dresser*, 40 Barb., 300; *Elwell* v. *Burnside*, 44 Barb., 447; *Wilcox* v. *Wilcox*, 48 Barb.. 327.)

TALCOTT, P. J.:

This is an appeal from a judgment entered on the decision of a justice at a Special Term in Jefferson county.

The action is for the partition of a farm, situated in Brownville, Jefferson county, and the case requires a construction of the will of Isaac L. Roseboom, who died at Brownville aforesaid in October, 1871. The disposing portions of the will are as follows: After providing that all his debts shall be paid and discharged, the testator proceeds to dispose of his estate in these words, viz.:

"I give and bequeath to my beloved wife, Susan, one-third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow ; and I wish my son George to have the first privilege of carrying on the farm as my wife may see fit and proper, and at the death of my wife all my property, both real and personal, to be equally divided between my eight children."

On the 27th day of August, 1874, after the will had been admitted to probate, Susan Roseboom, the widow, duly conveyed to the plaintiff all the rights which she had acquired to the property of Isaac L. Roseboom, under the said last will and testament. The farm in question was all the real estate of which Isaac L. Roseboom died seized.

The said Susan Roseboom died February 20, 1877, and the plaintiff commenced this suit for a partition of the farm in the same month. The plaintiff claimed, in his complaint, to be the owner of an undivided five-twelfths of the said farm, to wit: One-third thereof by virtue of the said conveyance from Susan, the widow, and one-twelfth as devisee of Isaac L. Roseboom.

The complaint also alleged that one of the defendants, John D. Roseboom, was, at the time of commencing the suit, in possession of the farm, and receiving the rents and profits, " *or mesne profits,*" and enjoying the use and occupation thereof, and prayed for an accounting for such use and occupation, and rents and profits; and if partition could not be made without great prejudice and injury to the rights of the parties, or some of them, then that the premises be sold under the order and direction of the court, and that the proceeds of the sale, after paying the costs and expenses, be divided among the parties according to their respective rights and interest in the premises.

The parties defendant were the other seven children, and their respective wives and husbands. The defendants all appeared and answered, and ask for a construction of the will, claiming that the effect of it was to give Susan Roseboom, the widow, an estate for life in the one-third of the real and personal property, with the use of the remainder so long as she remained the widow of the testator, and that each of the said children is entitled to an undivided eighth of the whole farm.

The answer of the defendants also set up that the deed from Susan Roseboom to the plaintiff was obtained by fraud and undue influence, but of this they gave no evidence on the trial. The justice at the Special Term held upon the construction of the will, that the defendants were correct in claiming that each was entitled to one-eighth of the farm, upon the theory that the provisions of the will whereby the testator gave one-third thereof to the said Susan, and afterwards directed the division of his entire property equally among his eight children after the death of Susan, were inconsistent and irreconcilable, and that the last clause of said will controlled the foregoing, and evinced an intent on the part of testator to give the said Susan only a life estate in the one-third.

To the conclusion of law thus found the plaintiff excepted, and

appealed from so much of the judgment as is founded thereon. The justice also found that the defendant, John D. Roseboom, had received the rents, issues and profits of the premises, and enjoyed the use and occupation thereof since the death of the widow, and that the reasonable value " of such use and occupation," was the sum of $325 per year, and that he, said John D. Roseboom, account to the other parties to the action " for said use and occupation and the mesne profits so received by him at the said rate of $325 per year," in the manner thereinafter stated.

The defendant, John D. Roseboom, excepted to this portion of the findings and conclusions of law, and appeals from so much of the judgment as is founded thereon. The said justice also directed the said premises to be sold, and the proceeds of the sale to be divided upon the principles set forth in said findings and conclusions of law.

The question first presented is upon the construction of the will. Did the devise to Susan, the widow of the testator, convey to her the one-third part of the farm in fee, or only a life estate ? The Revised Statutes provide (1 R. S. [2d ed.] 739, § 1), "The term 'heirs,' or other words of inheritance, shall not be requisite to create or convey an estate in fee ; and every grant or devise of real estate, or any interest therein hereafter to be executed, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant." The devise, therefore, of the one-third part of all the testator's real property to his wife Susan, in form absolute, conveyed to her the fee, unless the intent to pass a less estate is necessarily implied in the terms of such devise or can be gathered from the other provisions of the will. A will is to be construed according to the intentions of the testator, so far forth as they are indicated by the language which he has used. "If two parts of a will are irreconcilable with each other, the last part is generally to be taken as evidence of the latest intention of the testator; but this rule is only applied in those cases where the two provisions are totally inconsistent with each other, and where the intention of the testator cannot be ascertained. * * * This rule is only adopted from necessity, to prevent the avoiding of both provisions for

uncertainty." The testator's intention, in harmony with which a will is to be construed, is to be derived from the language of the will, and is not to be founded on any outside speculation as to his motives, or to be raised by what appears to us to be the injustice of the disposition of the property which the will clearly indicates.

The intention of the testator is to be derived from an examination of the whole will, though, in giving it such a construction as will accord with that intention, it may be necessary to depart from the strict grammatical construction of the words, and to supply, transfer or reject.

By the will, in this case, the testator provides for two distinct devises, and in construing it we must give effect to both, unless they are so entirely inconsistent and incompatible that in giving effect to the one the other must necessarily fail. (See *Trustees, etc.,* v. *Kellogg,* 16 N. Y., 84; *Van Nostrand* v. *Moore,* 52 id., 12; *Taggart* v. *Murray,* 53 id., 233; *Everitt* v. *Everitt,* 29 id., 39, o. p. 83; *Van Vechten* v. *Keator,* 63 id., 52.)

The use of the expression by a testator denoting a gift of *all* his property, is in general to be understood as excluding such of his property as had, by previous provisions of his will, been specifically disposed of.

In the case of *Covenhoven* v. *Shuler* (2 Paige, 122), a testator bequeathed one-third of his personal property to his widow, and the use of the residue of his personal property and his farm so long as she remained his widow, and after the youngest child became of age, all of his real and personal property to be divided equally among his children; and it was held that the widow took an absolute title to one-third of the personal property. The devise and bequest were, in substance, like those in the case at bar, the only difference being that in the case at bar the devise and bequest to the wife embraces one-third of the real estate as well as one-third of the personalty.

As we have seen, since the Revised Statutes, no words of inheritance are requisite to make a devise in fee, but in that respect realty stands on the same footing as personal property. We do not find that the case of *Covenhoven* v. *Shuler* has ever been overruled or questioned upon this point, and it seems to us a decisive and controlling authority in the case at bar. (See, also, *Chese-*

*bro* v. *Schoolcroft*, 25 Wend., 632 ; *Beardslee* v. *Beardslee*, 5 Barb., 324.)

We are, therefore, of the opinion that the widow, Susan Roseboom, took an estate in fee in one undivided third of the farm, under the will of Isaac L. Roseboom, and that the same passed to the plaintiff by her deed, the same not having, so far as the case shows, been obtained by any fraud, imposition or undue influence. The appeal of the plaintiff, therefore, is sustained.

The next question is as to the liability of John D. Roseboom to account for the supposed rents, uses and profits of the farm since the death of his mother, Susan. We think the learned justice, at the Special Term, erred in holding the defendant liable to account to the plaintiff or any of the other tenants in common for the rents, issues or profits of the farm while it was in his possession.

At common law it resulted from the nature of the tenure, that one tenant in common was not liable to his co-tenant to account even for the rents, issues and profits received by him from the premises held in common, in the absence of an express agreement, but by Statute (4 Anne, ch., 16, § 27, re-enacted in this State; 1 R. S. [m. p.], 750, § 9 [2d ed],), a joint tenant or tenant in common is given an action of account or for money had and received against his co-tenant, where the latter has received more than his just proportion. It was not, in this case, alleged in the complaint that the defendant, John D. Roseboom, occupied the premises under any agreement with his co-tenants or any of them. Nor was it proved that he had actually received any rents or profits from the premises, but the court found the annual value of the premises to have been $325, and held John D. liable to account for the use and occupation of the premises owned in common, upon that basis. The tenant in common is under the statute, liable to account only for what he *receives*, not for what he *takes*. (Washburn on Real Property, 420; *Wilcox* v. *Wilcox*, 48 Barb., 327; *Joslyn* v. *Joslyn*, [4th Dept.], 9 Hun. 388.)

There was never any demand upon John D. Roseboom by his co-tenants or any of them to permit their joint occupancy, and no alleged ouster shown. John D. Roseboom, it is admitted, was the owner of an undivided part of the premises. He was seized per *my expectant*. His right was diffused throughout the whole.

The other tenants stood aloof, and did not attempt to occupy with him. What. was he to do? Either abandon the premises. or account for what his co-tenants might be able to prove the rental of the whole was worth. He was not driven to do either. He might remain in the occupancy of the whole, so long as he did nothing to prevent his co-tenants from occupying with him and did not deny their title. We think, therefore, that the appeal of John D. Roseboom must be sustained, and upon each of these appeals the judgment must be reversed.

Judgment reversed and new trial ordered, the costs to be awarded after the event.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment reversed on each appeal and new trial ordered, question of costs reserved till final determination, including costs of the appeal.