JOHN D. LYNN, AS RECEIVER, ETC., APPELLANT, *v.* FREEDOM SMITH, RESPONDENT.

*Husband and wife — the creditors of the husband cannot compel the wife to pay for services rendered to her by the husband.*

A receiver, appointed in proceedings supplementary to execution, cannot maintain an action against the debtor's wife to recover the value of services rendered by the husband in carrying on the separate business of the wife, where such services were rendered without any express agreement on the part of the wife to pay him therefor.

*Kingman* v. *Frank* (33 Hun, 471) distinguished.

APPEAL from a judgment, entered in Monroe county upon a nonsuit granted at the Monroe Circuit.

*Horace McGuire,* for the appellant.

*Raines Bros.,* for the respondent.

HAIGHT, J.:

The plaintiff was appointed receiver in proceedings supplementary to an execution issued upon a judgment against one John W. Smith. The defendant is the wife of John W. Smith, and was engaged in carrying on a separate business. Her husband performed services for her in and about her separate business, and it was to recover the value of such services that this action was brought. The plaintiff to sustain his action reads the following testimony of the defendant taken in the supplementary proceedings: "I am the wife of John W. Smith; am at present engaged in the boat business with

John W. Maser; I never made any arrangements with my husband about what I was to pay him for carrying on the boat business; I never paid him any salary; never had any settlement with him; all he had was his board and clothes; there is no writing between me and my husband in regard to the boat business."

This is all the evidence that was given upon the subject of the employment. The only question presented for consideration upon this appeal is whether or not there is an implied contract on the part of the wife to pay for the services of the husband performed for her what the same were fairly and reasonably worth. It appears to us that this question may properly be disposed of upon a well established and familiar rule. There can be no question but that a husband and wife living together constitute the members of a family. The rule is that as between members of the same family the law will not imply a promise to pay for services rendered or board and lodging furnished, but on the contrary will assume that they were rendered and furnished gratuitously unless an express promise is shown, or evidence given showing that there was an expectation to pay on both sides. (*Dye* v. *Kerr*, 15 Barb., 444; *Ross* v. *Hardin*, 79 N. Y., 90, 91.)

Cases are numerous in which a husband resides with his wife upon her separate estate and is supported out of the proceeds thereof. The wife is not bound to support him, and if she does so it would be as reasonable to imply a contract on the part of the husband to pay her for his board, lodging, clothes, etc., as it would be to imply a contract on her part to pay him for the services that he may perform for her. On either hand we think the services are performed, or the board and lodging furnished, by members of the same family, and under such circumstances that the law will presume that it was gratuitous and no pay was expected by either party.

If, however, we are in error in reference to this conclusion we are still of the opinion that no recovery can be had for other reasons. At common law no action could be maintained against the wife for the services of her husband. If any such action now exists it is by reason of the acts for the more effectual protection of the property of married women. These statutes give a married woman the right to hold real and personal property separate from her husband. She can take by descent, devise, bequest, gift or

grant from any person other than her husband. She can carry on a particular trade or business and perform labor in reference to her sole and separate estate. She may bargain, sell, assign and transfer real and personal property, or carry on any trade or business the same as if she were sole. She may sue and be sued in all matters having relation to her sole and separate property, and her property is no longer liable for the debts of her husband. The claim has been made that this legislation has had the effect to destroy the common law unity of husband and wife, and made them substantially separate persons for all purposes: but these statutes have recently received consideration by the Court of Appeals in the case of *Bertles* v. *Nunan* (92 N. Y., 152), and that court has held that the unity of husband and wife has not been wholly abrogated by these statutes.

These statutes are in derogation of the common law, and as such must be strictly construed. Prior to these statutes, by reason of the unity, the personal property of the wife became that of the husband, she could not carry on a separate business and could not sue and be sued in her own name in reference to such business. In these regards the unity of the husband and wife has been abrogated, but as regards other matters not covered by the statutes the unity still exists. As to these matters they are still regarded as one person, and the law will not imply a promise on the part of one to pay the other. Again, it appears to us that this question has been practicably settled in the case of *Abbey* v. *Deyo* (44 N. Y., 343–346). Upon this branch of the case, HUNT, C., says: " The appellant's counsel insists that the services, the time and talents of the husband are valuable, and he has no more right to give them to his wife, as against his creditors, than to give her his property to their prejudice. The one, he says, is as much their property as the other. This argument is entirely unsound. The property of a debtor, by the laws of all commercial countries, belongs to his creditors. He must be just before he is generous. He must pay before he gives. Not so with his talents and his industry. Whether he has much or little, or nothing, his first duty is the support of his family. The instinctive impulse of every just man holds this to be the first purpose of his industry. The application of the debtor's property is rigidly directed to the payment of his debts. He cannot transport it to

another country, transfer it to his friend or conceal it from his creditor. Any or all of these things he may do with his industry. He is at liberty to transfer his person to a foreign land. He may bury his talent in the earth, or he may give it to his wife or friend. No law, ancient or modern, of which I am aware, has ever held to the contrary. No country, unless both barbarous and heathen, has ever authorized the sale of the person of a debtor for the satisfaction of his debts." (See, also, *Gage* v. *Dauchy*, 34 N. Y., 293; *Kingman* v. *Frank*, 30 Alb. L. J., 444.)

Our attention has been called to the case of *Kingman* v. *Frank* (19 Weekly Dig., 554; S. C., 33 Hun, 471). That case, how ever, is clearly distinguishable from the one under consideration. There was an express promise to pay eight dollars per week. The action was brought upon the express promise and sustained by the First Department. This case is not in conflict with the views that we have expressed in reference to implied contracts.

The judgment should be affirmed, with costs.

BRADLEY and CHILDS, JJ., concurred.

Judgment affirmed, with costs.