Spring, S.
For several years preceding his death testator had leased his farm in Ashford to his son John. These leases were given from year to year, each terminating on the first of March. Testator died during the month of March, 1884, and inasmuch as the tenant was then occupying the farm in pursuance of the lease, the contestants insist that he should pay the rent for that year, notwithstanding the farm was devised to him in fee by his father. This position is untenable.
It is an elementary principle that when a lesser estate and „a greater become united in the same person, a merger of the lesser estate in the greater follows. Kent’s Com., vol. 4, p. 99; Washburn on Real Property, vol. 3, p. 95 (3d ed.); Jenkins v. Van Schaack, 3 Paige, 242; Hosford v. Merwin, 5 Barb., 51; 4 Paige, 639; Mixon v. Coffield, 2 Ired. (N. C.), 301.
There is still another insuperable objection to compelling the executor to collect these rents of the tenant. They had not accrued due at the time of the decease of the testator, and in order to pass as assets to the administrator or executor as part of the personal estate of decedent, rents must be due and payable at the time of his death. Revised Statutes, *733 vol. 3, tit. 3, chap. 6, art, 1, § 6, subd. 7 (Banks & Brothers [6th ed.], vol. 3, p. 90); Marshall v. Mosely, 21 N. Y., 280.
The claim" of Eoxanna Huffstader cannot be allowed. She is a daughter of testator and resided with him after attaining her majority as a member of his family without any agreement that she was to receive compensation for her services, and it is well settled no contract will be implied in that class of cases. Williams v. Hutchinson, 3 Com., 312; Wilcox v. Wilcox, 48 Barb., 327.
Other than this the accounts will stand as filed and decree he entered accordingly.