Bradley, J.
The plaintiff was a widow, and mother of the defendant’s wife. The latter was in feeble health, and, at the request of the wife, the plaintiff, in April, 1875, went to thé defendant’s to assist her.
The defendant’s wife died, May 20, 1875, leaving surviving her the. husband and two children, aged five and three years. The plaintiff remained there as housekeeper for the defendant, and performed the services required of that relation, until October 1, 1882. The conclusion is fairly justified that she faithfully and well took charge of the household affairs, and rendered valuable services for the defendant during that time. No implied obligation on the part of the defendant to pay the plaintiff for her services-arose out of that fact alone, because her relation to the defendant and his family was such that without some evidence to the contrary it would be presumed that she was there as a member of the family, making the defendant’s house her home, and rendering services incident to that situation and relation. Sharp v. Cropsey, 11 Barb., 224; Green v. Roberts, 47 id., 521; Wilcox v. Wilcox, 48 id., 327; Cooper v. Turner, 2 Hun, 515: Van Kuren v. Saxton, 3 id., 547; Carpenter v. Weller, 15 id., 134; Williams v. Hutchinson, 3 N. Y., 312; affirming S. C., 5 Barb., 122; Hall v. Finch, 29 Wis., 278; S. C., 9 Am. R., 559. The referee has found ‘ ‘ that there was a mutual expectation that the plaintiff should and would be paid for said services other and beyond her having a home and living for the-time being.” The main question on the merits is whether or not this finding of fact is supported by the evidence. *201 If it is, the plaintiff had cause to ask for payment of the defendant for her services. There is no evidence of any express agreement on the part of the defendant to pay her, nor does it appear that anything was said by either to the other at the time she went to live with the defendant and into service there, which indicated any purpose to ask or make payment, and many circumstances tend quite forcibly to show that there was no mutual understanding, or expectation of charge and payment for the services. The defendant, although a business man, kept no account of the money she had or of the things for herself she purchased with his money or on his account; and she was at full liberty to purchase for the family, and for herself, what she deemed necessary or desired. And for that purpose had at times access to the defendant’s money in the house. She kept no account of services performed, nor was any account rendered to him during the seven years that she was there, of what she received from his means and credit for her own benefit, as distinguished from that for the purposes of the family. And when purchases were made by her on the credit of the defendant no such distinction in the accounts at the stores was required by her, or observed.
And the evidence on the part of the defendant is to the effect, and tended to prove that she was deemed a member of his family and that there was no expectation on his part, and no occasion for any on her part of liability of the defendant for her services rendered there, or that she would receive any compensation for them other than the home, support, and the supplies for herself, which she was permitted in her discretion to obtain from his means and credit. The defendant cannot be charged with liability under the circumstances and in view of the relation before mentioned, without having retained the plaintiff in his service with some understanding on his part, that she expected or claimed that payment should be made to her, and intended to charge him for the services she performed.. His liability must rest upon a promise to pay, which might arise and be implied from that supposed situation. He cannot be charged upon her expectation alone.
The understanding must be his, as well as hers, and it is upon his undertaking that his liability depends. Dye v. Kerr, 15 Barb., 444; Green v. Roberts, 47 id., 521; Robinson v. Raynor, 28 N. Y., 494.
There is some evidence on the part of the plaintiff beaiv ing in some degree on that question. She says that she expected to receive pay, and that she kept an account of what she had from time to time for herself, and she pro *202 ¡Sliced an itemized statement purporting to be an account with the defendant, containing items with their respective ¡Sates extending through the period of time she was at the ¡defendant’s, of things obtained for herself, and it was put In evidence. And she says, “I frequently told' the defendant I could tell every cent he had paid me.” And she adds that, “ when I left he told me he could pay me every mat he owed me. ”
__ The evidence of another witness is that, at or about the Sme the plaintiff left the defendant’s house in October, 1882, the defendant said to him that he was going to settle with plaintiff and pay her. And that on a subsequent occasion, the defendant said to the same witness that he wanted to have the thing settled up, as it was bothering Mm; and then he also said that “he did not consider he owed her anything.”
While this evidence was, by no means, conclusive, it, if believed by the referee against that given by the defendant, and the circumstances tending to the contrary conclusion, may have been, and we think it was sufficient to permit the inference that the defendant was advised, and understood that the plaintiff intended to charge him with, and expected payment for her services performed for him, and that the relation of master and servant existed between them.
The fact that she kept an account of what she received, and gave him credit for it from time to time,- and advised liim frequently that she could inform him of what he had paid her, may reasonably have led him to understand that she expected payment, and his remark to the plaintiff when sheloft his service that he could pay her what he owed her, may go in aid of tho inference of such understanding on Ms part. This is the only evidence that bears with any directness in support of the charge of liability, and without that evidence there would have been no legal opportunity for the referee to direct judgment for the plaintiff, but in connection with that as bearing upon the question, the character and extent of the services performed by the plaintiff was a proper subject of consideration, in view of the fact that she was a person in good health, having-habits of industry, and not destitute of a home elsewhere, or other than with the defendant; in respect to all which some evidence was given on the part of the plaintiff.
The question of credibility of the plaintiff as a witness, and of the truth of that having materiality to which she testified, was with the referee, and in view of his opportunity furnished at the trial, was for him to determine. And while there may be some doubt upon all the evidence we cannot say that the conclusion of the referee was so *203 against the weight of evidence as to justify a contrary conclusion on this review. The question was one of fact for the trial court, and must be deemed as there determined.
There was no error in the exclusion of the evidence of the witness, Sarah Bulton, to prove what, from her observation, and what she saw of the plaintiff’s clothing from year to year, was the value of the clothing furnished plaintiff by the defendant while she lived with him. It did not appear that she had any means upon which to intelligently base an opinion covering the inquiry; and inasmuch as the ejection that it was incompetent was sustained, the ruling was not error if it can be supported upon any existing tenable ground of objection to the evidence offered. Tooley v. Bacon, 70 N. Y., 34.
The account books of the merchant, Adams, were properly excluded. While it may not have been improper to show what goods she had purchased at the store, by competent evidence, with a view to. test, so far as it might, the correctness of her statement of account put in evidence, the books did not appear to be competent for that purpose.
The statute of limitations was not in the way of the re • covery of the amount for which judgment was directed.
The services would be deemed performed as from .year to year. Davis v. Gorton, 16 N. Y., 255. The action was commenced November 25, 1382, seven years and six months after the plaintiff went into the defendant’s service.
The amount of the statement of the account of credits to the defendant presented by the plaintiff and allowed by way of abatement of or payment upon the claim for services was §143. This exceeded at the rate allowed, the amount of the value of the plaintiff’s services for the year and six months; and that sum of credits was properly applicable upon and in payment of the moneys for services first earned by her. So that those for which recovery was had may be deemed to have been wholly performed within six years next preceding the time of the commencement of the action. No other question requires consideration.
The judgment should be affirmed.
Haight and Lewis, JJ., concur.