FRANK M. SIMONS, Respondent, *v.* EMMA T. TERHUNE, as Executrix, etc., of EDWARD M. GREACEN, Deceased, Appellant.

First Department, February 1, 1918.

**Husband and wife — when estate of deceased husband not liable to brother-in-law of wife for her support during lifetime of husband and while living separate and apart from him — evidence.**

In an action by the brother-in-law of the wife of a deceased husband to recover from his estate for board, lodging and wearing apparel which plaintiff furnished to his sister-in-law during the lifetime of the husband, it appeared that the sister-in-law after a separation from her husband lived with her mother for about twenty years and then went to live in the home of the plaintiff and remained there until the death of her husband; that during this period the husband resided within the same county to the knowledge of both the plaintiff and the wife; that no action was ever brought by her for separation or for support; that no demand was ever made either by her or by the plaintiff against the husband during his lifetime; that the husband had furnished the wife some money and had also cared for the daughter and that no attempt was made to prove any express agreement between the wife, as agent of her husband, and the plaintiff to pay for board, lodging and clothes. The court charged that if the jury believed that the plaintiff harbored his sister-in-law freely and gratuitously and without thought of looking to the husband for compensation therefor, he cannot recover.

*Held*, that a verdict in favor of the plaintiff is contrary to the law as charged, and against the evidence, and that the judgment thereon must be reversed and the complaint dismissed.

SCOTT, J., dissented.

APPEAL by the defendant, Emma T. Terhune, as executrix, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of April, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*Joab H. Banton* of counsel [*Dwight W. De Motte*, attorney], for the appellant.

*Jacob M. Kram*, for the respondent.

SHEARN, J.:

The plaintiff, a brother-in-law of Martha Greacen, has recovered a judgment against the defendant, as executrix

under the will of Edward M. Greacen, the deceased husband of Martha Greacen, for board, lodging and wearing apparel which the plaintiff furnished to his sister-in-law during the lifetime of decedent. Martha Greacen married the decedent in the city of New York on March 9, 1889. A daughter was born to them on January 17, 1890. Within a few months thereafter Mr. and Mrs. Greacen separated. For twenty-one years thereafter Mrs. Greacen lived with her mother, whose residence was throughout said period within the county of New York. In February, 1911, Mrs. Greacen went to live in the home of her brother-in-law, the plaintiff, and continued to live in his home until the death of her husband on October 15, 1916. During this period the residence of the plaintiff was in or about New York city. Edward M. Greacen resided within the county of New York during the entire twenty-six years from the separation to his death, and this fact was known and his whereabouts were known both to the plaintiff and the wife. No action was ever brought by Mrs. Greacen against her husband for separation or for support and no complaint was ever lodged against him in a magistrate's or other court, nor was any other effort made to compel the decedent to support his wife. No demand for support was ever made either by Mrs. Greacen or by the plaintiff, and plaintiff never sent any bill and never wrote any letter to the decedent asking payment of any money. When the daughter was about twelve years old she went to live with her father. She lived with him about six months and good relations existed between them thereafter, and it appears that the father bought her clothing, sent her to a private school, had a private teacher instruct her in stenography, put some money in a savings bank for her and made her various presents from time to time. It also appears that as late as 1913 Mrs. Greacen and her husband were on friendly terms, evidenced by numerous letters in evidence written by Mrs. Greacen to her husband during the period between 1911 and 1913, acknowledging checks received from him. These sums of money, however, were evidently very small, for the wife testified that the total sum contributed by the deceased toward her support and maintenance during the entire period of the separation was not to exceed $100. After the death

of Mr. Greacen this action was begun, based upon the theory that the wife had pledged her husband's credit for the payment to her brother-in-law of the reasonable value of the board, lodging and clothing furnished by the brother-in-law in reliance thereon.  As a first step it became necessary to claim and establish that the wife was justified in living separate and apart from her husband, and evidence was introduced tending to show that she had left her husband because of his cruel and inhuman treatment.  The husband being dead, there was no serious difficulty in establishing this claim, based upon occurrences dating back some twenty-seven years. No attempt was made to prove any express agreement made between the wife, as agent of her husband, and the plaintiff, her brother-in-law, to pay for board, lodging and clothing, but, having established the legal obligation of the husband to support the wife, the plaintiff rested upon an implied promise.  Considering the relationship of the plaintiff and his sister-in-law, a serious question might be raised whether the law would imply an agreement on her part, either individually or as agent for her husband, to pay for the board, lodging and wearing apparel furnished by the brother-in-law, in whose home the wife lived.  (*Wilcox* v. *Wilcox,* 48 Barb. 327, 329; *Williams* v. *Hutchinson,* 3 N. Y. 312, 317; *Van Kuren* v. *Saxton,* 3 Hun, 547; *Matter of Perry,* 5 Misc. Rep. 149; 9 Cyc. 273.)  The question, however, is not presented on this appeal, for the case went to the jury with the consent of both parties under the charge that " If the jury believes that Mr. Simons harbored his sister-in-law freely and gratuitously and without thought of looking to Mr. Greacen for compensation therefor,  *  *  *  he cannot recover in this action."  The question, then, is whether the verdict is not contrary to law and against the evidence.  In our opinion it is overwhelmingly so.  Aside from the relationship of the plaintiff and his sister-in-law, the fact that the matter of payment for board, lodging and wearing apparel was never alluded to between the plaintiff and his sister-in-law; that the wife had never made any demand upon her husband for support; that the plaintiff, although he knew the whereabouts of the husband and knew that he had a bank account, never made any suggestion or request that the husband should

contribute toward the support of the wife; that the plaintiff never sent a bill to the husband, and that there is not an item of evidence tending to show that the plaintiff expected to be paid, combine to overthrow completely any *prima facie* presumption of an implied promise, if such a presumption may be indulged in. On the ground, therefore, that the verdict was contrary to the law as charged and against the evidence, the judgment and order must be reversed and, as it does not appear that the essential facts would be changed upon a new trial, the complaint is dismissed, with costs.

CLARKE, P. J., LAUGHLIN and PAGE, JJ., concurred; SCOTT, J., dissented.

Judgment and order reversed, with costs, and complaint dismissed, with costs.